**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2640-18T3

APRIL SIRLEAF,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and FIRST FINANCIAL
FEDERAL CREDIT UNION,

     Respondents.

_____

Argued telephonically June 15, 2020 –
Decided June 30, 2020

Before Judges Fisher and Fasciale.

On appeal from the Board of Review, Department of
Labor, Docket No. 166,050.

Sarah Shaver Hymowitz argued the cause for appellant
(Legal Services of New Jersey, attorneys; Sarah Shaver
Hymowitz and Melville D. Miller, on the briefs).

Rimma Razhba, Deputy Attorney General, argued the
cause for respondent Board of Review (Gurbir S.
Grewal, Attorney General, attorney; Donna Sue Arons,

Assistant Attorney General, of counsel; Rimma Razhba, on the brief).

Respondent First Financial Federal Credit Union has not filed a brief.

PER CURIAM

April Sirleaf left her job of three and one-half years as an assistant branch manager at First Financial Federal Credit Union to care for her child with medical issues. She appeals from the Board of Review's final agency decision, which disqualified her from receiving unemployment benefits under N.J.S.A. 43:21-5(a) because she left work voluntarily without good cause attributable to her work. We affirm.

Our "capacity to review administrative agency decisions is limited." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We will not disturb an agency's ruling unless it is arbitrary, capricious, or unreasonable. Ibid. We defer to a Board's factual findings if they are supported by sufficient credible evidence. Ibid. The employee must establish her right to collect unemployment benefits. Id. at 218.

Under N.J.S.A. 43:21-5(a), an employee who "left work voluntarily without good cause attributable to such work" is disqualified for unemployment compensation benefits. The threshold question is whether an applicant

voluntarily left work. <u>Lord v. Bd. of Review</u>, 425 N.J. Super. 187, 190-91 (App. Div. 2012). If so, the applicant bears the burden to prove she did so with good cause attributable to the work. <u>Brady</u>, 152 N.J. at 218. An employee has left work "voluntarily" within the statute's meaning when "the decision whether to go or to stay lay at the time with the worker alone." <u>Campbell Soup Co. v. Bd. of Review</u>, 13 N.J. 431, 435 (1953); <u>see also</u> <u>Utley v. Bd. of Review</u>, 194 N.J. 534, 544 (2008).

On appeal, Sirleaf argues:

> [<u>POINT I</u>]
>
> MS. SIRLEAF IS ENTITLED TO BENEFITS BECAUSE SHE WAS TERMINATED FROM THE JOB THROUGH NO FAULT OF HER OWN[.]
>
> [<u>POINT II</u>]
>
> MS. SIRLEAF IS ENTITLED TO BENEFITS UNDER THE "OFFER OF NEW WORK" STATUTE AND REGULATION[.]
>
> [<u>POINT III</u>]
>
> THE [BOARD'S] FACTUAL FINDINGS WERE INACCURATE, INSUFFICIENT, AND LED TO AN UNJUST DISQUALIFICATION FROM BENEFITS.

A-2640-18T3

We considered Sirleaf's contentions and conclude they are without sufficient merit to warrant an extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

Sirleaf testified that her child was diagnosed with a medical condition while she was on leave as to her newborn. She notified her employer and explained that she exhausted her family medical leave. Sirleaf's employer said it would hold her position open for a specific duration, which she did not consider as an option. She acknowledged that her employer gave her two other options—return full time, or if that was not an option, then accept a part-time position. Sirleaf declined all options. Moreover, Sirleaf had no further communication with her employer, who did not terminate her.

Guided by our standard of review, we conclude that the Board's factual findings are supported by credible evidence, and its decision comports with the law and is not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2640-18T3